UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DESMOND CARRIERE**                                              CIVIL ACTION

**VERSUS**                                                        NUMBER: 22-3633

**STATE FARM FIRE & CASUALTY COMPANY, ET AL.**                    SECTION: "P"(5)

REPORT AND RECOMMENDATION

Before the Court is Dover Bay's Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(b).  (Rec. doc. 48).[1]  Plaintiff has filed no opposition to the motion in accordance with the local rules of this Court.  Having reviewed the motion and the case law, the Court recommends as follows.

**I.    Background**

This Hurricane Ida lawsuit was filed on October 4, 2022 by McClenny Mosely & Associates ("MMA") and subsequently stayed per the District Court's March 2, 2023 and April 5, 2023 Orders.  (Rec. docs. 1, 23, 30).  On June 30, 2023, the District Court sent correspondence to Plaintiff advising him that MMA could no longer practice law in Louisiana and, as a result, all of MMA's attorneys had been withdrawn from Plaintiff's case and/or suspended by the Court.  (Rec. doc. 34).  The District Court further advised Plaintiff that he had three options to proceed with his lawsuit: (1) the retention of new counsel; (2) proceeding while representing himself; or (3) dismissing his suit.  (*Id.*).  The District Court ordered Plaintiff to inform it of his decision within 60 days of receipt of the June 30, 2023 correspondence or risk dismissal of his lawsuit.  (*Id.*).

---

[1] The District Court referred the motion to the undersigned under 28 U.S.C. § 636(b) on September 2, 2025. (Rec. doc. 49).

On July 18, 2024, without receiving a response from the Plaintiff in over a year, the District Court issued an Order again advising Plaintiff of his options to either retain new counsel, proceed *pro se*, or dismiss his suit. (Rec. doc. 40). On July 25, 2024, Plaintiff advised the District Court that he had retained new counsel but failed to identify the attorney's name or contact information. (Rec. doc. 41).

Since Plaintiff's July 25, 2024 response, no new counsel has enrolled on Plaintiff's behalf, and Plaintiff has taken no action under the Hurricane Ida Streamlined Settlement Program and Case Management Order No. 1 ("CMO").

Due to Plaintiff's lack of participation under the CMO, on May 5, 2025, Dover Bay filed a Motion to Lift Stay and Set Status Conference. (Rec. doc. 45). On May 19, 2025, this Court granted Dover Bay's motion and set a status conference for June 10, 2025. (Rec. doc. 46). On June 10, 2025, Dover Bay appeared for the status conference; Plaintiff, however, failed to appear. (Rec. doc. 47). On that same day, this Court issued an Order lifting the stay to allow Dover Bay "to file any motion that it deems appropriate." (Rec. doc. 47). Dover Bay now files this motion to dismiss this matter due to Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**II.    Law and Analysis**

The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear. *Foret v. Terrebonne Par. Jail*, No. CV 24-2243, 2024 WL 5358912, at *1 (E.D. La. Dec. 6, 2024), *report and recommendation adopted*, No. CV 24-2243, 2025 WL 294894 (E.D. La. Jan. 24, 2025). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R.

Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* when necessary to achieve the orderly and expeditious disposition of cases. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough*, 835 F.2d at 1127; *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Grandpre v. Normand*, Civ. Action No. 16-1541, 2018 WL 691650 (E.D. La. Feb. 2, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Despite repeated warnings from the District Court (rec. docs. 34, 40), Plaintiff has failed to prosecute this lawsuit and failed to follow the protocols set forth in the CMO. (Rec. docs. 48-6, 48-7, 48-8). To date, Dover Bay has not received Plaintiff's demand or initial disclosures as required by the CMO. (Rec. docs. 48-6). Further, the parties have been unable to mediate this case due to Plaintiff's lack of cooperation. (Rec. doc. 48-7). Plaintiff even informed Dover Bay that he "did not wish to participate in mediation" as required by the CMO. (*Id.*). Plaintiff then failed to attend the status conference with the undersigned and counsel for Dover Bay to determine whether he still desired to prosecute this lawsuit. (Rec. doc. 47). The District Court warned Plaintiff that failure to prosecute the case would result in dismissal of this lawsuit. (Rec. docs. 34, 40). Still, Plaintiff has taken no action and even failed to oppose Dover Bay's motion to dismiss. Dismissal is thus appropriate under Rule 41(b).

## III.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Dover Bay's Motion to Dismiss for Failure to Prosecute Pursuant to Rule 41(b) (Rec. doc. 48) be **GRANTED AS UNOPPOSED**, and Plaintiff's claims be **DISMISSED WITH PREJUDICE**..

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 17th day of September, 2025.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE